IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE LEE MITCHELL,<br>AIS # 166264, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-CV-269-WKW |
| | ) | [WO] |
| WARDEN ANTONIO MCCLAIN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Eddie Lee Mitchell, an Alabama state prisoner proceeding *pro se*, filed his first Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 on April 7, 2025.[1] (Doc. # 1.)  In this § 2254 petition, as later amended (Doc. # 6), Petitioner challenges the consecutive sentences imposed in 1992 following his guilty pleas to first-degree rape and first-degree burglary in the Circuit Court of Montgomery County, Alabama. He alleges a sentencing disparity in violation of the Fourteenth Amendment's Equal Protection Clause and requests that this federal habeas court order his state sentences

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam).  Petitioner signed his petition under penalty of perjury, asserting that he "placed [his petition] in the prison mailing system on" April 7, 2025.  (Doc. # 1 at 15.)

to run concurrently rather than consecutively.  (Doc. # 6 at 5, 15.)  Respondent filed an answer arguing, among other things, that the petition is untimely under 28 U.S.C. § 2244(d)(1)(A).  Petitioner was permitted to file a reply to Respondent's answer and did so.  (Docs. # 19, 20.)

For the reasons set out below, Petitioner's claims are time-barred under § 2244(d)(1)(A), and Petitioner has not presented facts justifying statutory or equitable tolling or demonstrating a fundamental miscarriage of justice so as to excuse the time bar.  Therefore, the petition must be dismissed with prejudice.[2]

## II.  SUBJECT MATTER JURISDICTION AND VENUE

Under 28 U.S.C. § 2254(a), federal district courts have the authority to consider an application for a writ of habeas corpus on behalf of an individual in state custody pursuant to a state-court judgment but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This provision limits authority, rather than conferring it, with habeas jurisdiction established by 28 U.S.C. § 2241.  *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004).  Under § 2241, federal district courts have the power to grant writs of habeas corpus "within their respective jurisdictions," § 2241(a), when a state-convicted prisoner "is in custody in violation of the Constitution, " § 2241(c)(3).

---

[2] An evidentiary hearing under 28 U.S.C. § 2254(e)(2) and Rule 8 of the *Rules Governing Section 2254 Cases in the United States District Courts* is not necessary to adequately dispose of the petition.

The "in-custody" requirement mandates that the habeas petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). Furthermore, § 2254(d), referred to as a "venue provision," "gives the petitioner 'the option of seeking habeas corpus either in the district where he is confined or the district where the sentencing court is located.'" *Dobard v. Johnson*, 749 F.2d 1503, 1509–10 (11th Cir. 1985) (Clark, J., dissenting) (citation omitted).

Petitioner was in custody under a state-court judgment when he filed this petition. Furthermore, Petitioner was incarcerated for his state offenses in a state prison located in the Middle District of Alabama at the time of filing and was convicted and sentenced by a state court in this district. Accordingly, this court has subject matter jurisdiction and venue is proper to consider his petition.

### III.  DISCUSSION

**A.    <u>The AEDPA's Statute of Limitations</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), effective April 24, 1996, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period begins running when the state-court judgment is considered final, as defined by the AEDPA. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The AEDPA specifies

two alternative dates on which a state-court judgment becomes final: (1) at the "conclusion of direct review" or (2) upon the "expiration of the time for seeking such review." § 2244(d)(1)(A).[3]

In *Gonzalez*, the Supreme Court established that § 2244(d)(1)(A)'s text "consists of two prongs" with distinct applications:

> For petitioners who pursue direct review all the way to th[e United States Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"— when the time for pursuing direct review in this Court, or in state court, expires.

565 U.S. at 150.

In 1992, after pleading guilty, Petitioner was sentenced to consecutive sentences of 25 years' imprisonment on the first-degree rape conviction and 15 years' imprisonment on the first-degree burglary conviction. (Doc. # 17-1; Doc. # 17-2.) He appealed to the Alabama Court of Criminal Appeals (ACCA), and the ACCA summarily affirmed Petitioner's convictions and sentences on November 13, 1992, in an unpublished opinion. (Doc. # 17-5; Doc. # 17 at 2.) Petitioner did not file an application for rehearing with the ACCA, and the ACCA entered its certificate of judgment on December 1, 1992. (Doc. # 17 at 2–3 & n.1.)

---

[3] The petition contains no facts that would trigger the application of § 2244(d)(1)(B)–(D).

Based on the foregoing timeline, it is evident that the time for pursuing direct review in state court expired, and Petitioner's state convictions became final, prior to April 24, 1996. That date is significant because it marks the effective date of the AEDPA. For prisoners, like Petitioner, "whose convictions became final before the enactment of the AEDPA, the deadline for filing [28 U.S.C. § 2254] petitions was April 23, 1997." *Knight v. Schofield*, 292 F.3d 709, 710 (11th Cir. 2002) (per curiam); *see also Allen v. Siebert*, 552 U.S. 3, 4 (2007) ("Because Siebert's direct appeal became final before AEDPA became effective, the 1-year limitations period began to run from April 24, 1996, AEDPA's effective date."). Petitioner's federal habeas petition, filed nearly three decades later, is untimely under § 2244(d)(1)(A), absent a qualifying exception.

**B.** **Statutory Tolling, Equitable Tolling, and Fundamental Miscarriage of Justice**

An otherwise untimely petition under 28 U.S.C. § 2254 may be considered only if the petitioner demonstrates either entitlement to tolling or a fundamental miscarriage of justice. As explained below, Petitioner has not identified facts establishing that tolling applies or that a fundamental miscarriage of justice occurred.

**1.** *Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), the one-year period of limitation is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." A properly

filed state-court application must be pending during § 2244(d)(1)(A)'s period of limitation for tolling to occur. Hence, "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam). Under § 2244(d)(1)(A), the last day for Petitioner to file a federal habeas petition was April 23, 1997, and no state post-conviction or collateral-review petition was pending within the period of limitation. Thus, Petitioner's § 2254 petition does not warrant statutory tolling.

However, in an attempt to avoid this outcome, Petitioner contends that he filed this § 2254 petition within one year of the Montgomery County Circuit Court's Order in *Mitchell v. Lamar*, CV-2024-000474.00, which dismissed his habeas petition with prejudice on December 18, 2024. (Doc. # 17-16; Doc. # 6 at 6, 13.[4]) In this state habeas petition, dated April 28, 2024, Petitioner raised the same issue as in his current § 2254 petition: He argued that he should have been sentenced to concurrent rather than consecutive terms on his first-degree rape and first-degree burglary convictions, aligning his case with what he claims are similar cases. (Doc. # 17-14 at 4–10.) By 2024, the federal limitations period for filing a § 2254 petition

---

[4] The form Petitioner used to file his § 2254 petition contains a section that directs a petitioner whose judgment of conviction became final more than one year earlier to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [his] petition." (Doc. # 6 at 13.) In this section, Petitioner cites the December 18, 2024 Order of dismissal.

had long expired, having ended more than 25 years earlier in April 1997.  Even assuming for argument only that this state-court habeas petition was properly filed in 2024, "a 'properly filed' application for post-conviction relief . . . does not reset or restart the [AEDPA's] statute of limitations once the limitations period has expired." *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003).  "In other words, [§ 2244(d)(2)'s] tolling provision does not operate to revive the one-year limitations period if such period has expired." *Id.*  Statutory tolling, therefore, does not apply.[5]

### 2.   *Equitable Tolling*

Equitable tolling of 28 U.S.C. § 2244(d)(1)(A)'s one-year period of limitation (or, as here, the one-year grace period) is warranted where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted).  Equitable tolling is "an extraordinary remedy" and, thus, is "limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citation omitted).  "The petitioner bears the burden of

---

[5] In 2014, Petitioner filed a Rule 32 petition, arguing that his sentences for first-degree rape and first-degree burglary were disproportionate compared to an another allegedly similarly situated defendant's case.  Additionally, he submitted various state-court motions seeking reconsideration of his sentences and other relief between 2010 and 2023.  (*See* Doc. # 17 at 3–5).  None of these efforts was successful.  These various filings also are not statutory tolling events and therefore require no further discussion.

showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (per curiam).

Petitioner has not alleged or argued that extraordinary circumstances prevented the timely filing of his § 2254 petition. He also has not demonstrated that he pursued his rights diligently during the more than 25 years between the finality of the state-court judgment and the filing of this petition. (Doc. # 7 at 16.) In this circuit, the focus for equitable tolling is "on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314–15 (11th Cir. 2001) (per curiam). Petitioner has not provided any explanation for the late filing of his petition. Consequently, the petition does not claim extraordinary circumstances or demonstrate a diligent pursuit of rights to justify equitable tolling. Instead, Petitioner focuses on an alleged miscarriage of justice, which will now be addressed.

### 3.   *Fundamental Miscarriage of Justice:  Actual Innocence*

Even where there is no basis for statutory or equitable tolling, a petitioner can overcome § 2244(d)(1)(A)'s one-year period of limitation where he can show a "fundamental miscarriage of justice." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The fundamental-miscarriage-of-justice exception requires a showing that "a constitutional violation has probably resulted in the conviction of one who is

actually innocent." *Id.* (citation omitted).  "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar," or, as in this case, the "expiration of the [§ 2254(d)(1)(A)] statute of limitations." *Id.* at 386.  "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The actual-innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1334 (11th Cir. 2008) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The "exceedingly narrow" gateway for establishing actual innocence requires a petitioner "(1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011, 1013 (11th Cir. 2012) (per curiam) (cleaned up); *see also McQuiggin*, 569 U.S. at 386 ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of

9

the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (quoting *Schlup*, 513 U.S. at 329)).

Petitioner contends that his consecutive sentences result from a sentencing disparity that violates the Fourteenth Amendment's Equal Protection Clause and constitute a "miscarriage of justice" that "overrides the principles of comity and finality." (Doc. # 20 at 2.) He argues that his consecutive sentences are unlawful under federal law and justify relief as a miscarriage of justice, regardless of any procedural barriers. (Doc. # 20 at 3–5.) These arguments do not meet Petitioner's very heavy burden required to pass through the actual-innocence gateway to excuse the AEDPA's time bar.

Petitioner's arguments for excusing his time-barred claims center on the alleged illegality of his consecutive sentences. However, his focus on his legal innocence in the context of sentencing is insufficient to meet the high standard required to establish the actual-innocence exception.

First, Petitioner has not alleged any evidence to suggest his factual innocence of the underlying crimes of rape and burglary, namely, that he did not commit these offenses such that no reasonable juror would have convicted him. *McQuiggin* requires this type of proof.

Second, whether the actual-innocence exception extends to noncapital sentencing errors or to convictions obtained by guilty pleas is unsettled in the

10

Eleventh Circuit  *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012) (noting that in *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011), "we did not reach the issue of 'whether the actual innocence exception extends to the noncapital sentencing context'" because "'[e]ven assuming that this exception does extend beyond the capital sentencing context,' we explained that 'it still does not apply to McKay because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview'"); *Taylor v. Myers*, 2021 WL 3560230, at *7 n.9 (N.D. Ala. July 13, 2021) (observing that a petitioner's guilty plea "likely bars the actual innocence gateway"), *R. & R. adopted*, 2021 WL 3550921 (N.D. Ala. Aug. 11, 2021); *McKeithen v. Billips*, 2014 WL 5679300, at *5 (N.D. Ala. Nov. 3, 2014) ("There is no support for the 'actual innocence' gateway in a case, as here, in which the petitioner pleaded guilty to the offense.").

Even if the actual-innocence exception applies to sentencing errors for petitioners whose convictions are based on guilty pleas, Petitioner does not present new evidence demonstrating actual innocence.  *See McQuiggin*, 569 U.S. at 386. The evidence he cites pertains to cases where he claims similarly situated defendants received lesser, concurrent sentences. (*See* Doc. # 20 at 3; Doc. # 6-2 at 4–5 (citing *Smith v. State*, 494 So. 2d 182 (Ala. Crim. App. 1986) and *Smith v. State*, 601 So. 2d 201 (Ala. Crim. App. 1992)).)  These cases predate Petitioner's state criminal

11

cases and therefore do not qualify as new evidence.  He also previously raised this argument as early as 2014 in a Rule 32 petition.  (Doc. # 17-6 at 12; Doc. # 17-7 at 11; Doc. # 17-9.)  Additionally, Petitioner's argument is purely legal because it is based on an assertion that his sentences should not have been imposed consecutively. *Cf. McKay v. United States*, 657 F.3d 1190, 1198–99 (11th Cir. 2011) (observing that "the Second and Fourth Circuits have made clear that, for the actual innocence exception to apply in the noncapital sentencing context, a movant must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence.  In other words, a claim of mere legal innocence of a sentence would not win the day in either of those circuits.").

Third and finally, Petitioner argues that he can demonstrate a "complete miscarriage of justice" so as to warrant a merits determination of his time-barred claims if he shows that his "sentence is unlawful." (Doc. # 20 at 5.)  However, the decision he references does not address the fundamental-miscarriage-of-justice exception for excusing the AEDPA's time bar, and he has not cited any Eleventh Circuit decision that recognizes anything other than actual innocence as qualifying for this exception.

12

For these reasons, no fundamental miscarriage of justice will result by enforcing the AEDPA's time-bar as to the claims raised in Petitioner's § 2254 petition.

## IV. CONCLUSION

Petitioner did not timely file this 28 U.S.C. § 2254 petition for a writ of habeas corpus. The deadline for filing the § 2254 petition was April 23, 1997. *See Knight v. Schofield*, 292 F.3d 709, 710 (11th Cir. 2002) (per curiam). However, he waited nearly 28 years until April 7, 2025, to do so. Petitioner has not presented facts suggesting that he is entitled to statutory tolling, equitable tolling, or the application of the fundamental-miscarriage-of-justice exception. Therefore, the § 2254 petition is time-barred and must be dismissed with prejudice.

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Petitioner has not shown, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c). Therefore, Petitioner will be denied a certificate of appealability.

Accordingly, it is ORDERED that Petitioner's 28 U.S.C. § 2254 petition is DISMISSED with prejudice and that Petitioner is DENIED a certificate of appealability.

Final judgment will be entered separately.

DONE this 30th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

14